IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EILEEN MARIE RHODES,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

        Defendant.

Civ. No. 6:16-cv-01916-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Eileen Rhodes seeks judicial review of a final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for Supplemental Security Income (SSI). The Commissioner found that Rhodes was not disabled according to the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c) (3). Because the Commissioner's decision is based on proper legal standards and their findings are supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

      Plaintiff filed her SSI application on May 10, 2013, claiming a disability onset date of June 1, 1999. Tr. 11. The claim was denied initially, and upon reconsideration. Tr. 88-104. A hearing was held before an Administrative Law Judge (ALJ) on March 3, 2015 (Tr. 32), and on April 13, 2015, the ALJ denied Plaintiff's claim (Tr. 8-26). The Appeals Council denied Ms. Rhodes's request for a review of the ALJ's decision on July 29, 2015, making the ALJ's decision the final decision of the Commissioner. Tr. 454-456. This appeal followed.

1 – OPINION AND ORDER

# STANDARD OF REVIEW

The Commissioner's decision will be affirmed if her decision meets all the legal requirements and her legal conclusions are supported by substantial evidence within the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). In determining whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which weakens the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The court may not substitute its judgment for that of the Commissioner's if an analysis of the evidence on the record as a whole can reasonably support either affirming or reversing the commissioner's decision. *Messmer v. Colvin*, 2016 WL 53397278 at *1 (D. Or. Sept.23, 2016). However, a reviewing court can only affirm the Commissioner's decision on grounds that the Commissioner considered when making its decision. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

A court will set aside a decision supported by substantial evidence if the Commissioner's decision is not free of legal error. *Robbins v. Social Sec. Admin.* 466 F.3d 880, 882 (9th Cir. 2006). However, an error that is harmless is not sufficient to reverse an ALJ's decision. *Stout*, 454 F.3d 1050, 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

The ALJ is not required to discuss all the evidence presented, but must explain why any evidence of significant probative value has been rejected. *Stark v. Shalala*, 886 F. Supp. 733, 735 (D. Or. 1995).

## **DISCUSSION**

According to the Social Security Act, a person is disabled if she is unable to perform substantial gainful activity (SGA) due to a physical or mental impairment that is medically determinable. 42 U.S.C. § 423(d)(1)(A). The impairment must be such that it is expected to result in death, or an impairment that has lasted or could last for a continuous period of not less than 12 months. *Id*. When determining whether an individual is disabled, the Social Security Administration applies a five step sequential evaluation process. 20 C.F.R. § 416.920. The burden of proof for the first four steps lies with the claimant and if she meets her burden at each of those steps, the burden of proof shifts to the Commissioner at step five. *Id.*

Here, at step one, the ALJ determined that Rhodes did not engage in any SGA since April 23, 2013, the application date. Tr. 13. At step two, the ALJ concluded that Rhodes had the following severe impairments: sacroiliitis, irritable bowel syndrome, myofascial pain/fibromyalgia, bipolar disorder, cannabis dependency, history of polysubstance abuse, cognitive disorder NOS, PTSD, panic disorder and history of possible cerebrovascular accident in 1999. *Id*. The ALJ found moderate difficulties in social functioning and concentration, persistence or pace. Tr. 15.

At step three, the ALJ found that none of Rhodes' impairments individually or combined met or medically equaled the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Subsequently, the ALJ found that Rhodes had the residual function capacity to perform light work and is able to understand, remember, and carry out simple, routine and repetitive tasks with

3 – OPINION AND ORDER

occasional public and coworker contact; and should avoid all workplace hazards due to ongoing marijuana dependence. Tr. 16. At step four and five, the ALJ found that Rhodes has no past relevant work, but retains the ability to work as a photocopy machine operator, a mail clerk and an office helper. Tr. 21-22.

Rhodes argues that the ALJ's decision to deny her SSI claim was erroneous as a matter of law and was not based on substantial evidence for a number of reasons. Pl.'s Br. 1-2, ECF No. 17. Plaintiff contends the ALJ erred in (1) failing to credit the opinion of Dr. Alvord, the examining psychologist, (2) failing to give to clear and convincing reasons for rejecting plaintiff's testimony, and (3) failing to meet his burden of proving that Rhodes retains the ability to perform other work in the national economy. *Id*.

## I. Weighing of Dr. Alvord's opinion

Plaintiff argues that the ALJ failed to provide clear and convincing reasons that are supported by substantial evidence for rejecting Dr. Alvord's conclusions. Pl.'s Br. 9-11, ECF No. 17. Dr. Alvord is a psychologist who examined Rhodes at the request of her attorney in 2015. Tr. 374. Plaintiff argues that Dr. Alvord's opinion is consistent with the record as a whole and not contradicted by another doctor's opinion. In response, the Government contends that Dr. Alvord's opinion is not consistent with the treatment record and is in fact contradicted by another physician. Def.'s Br. 7, ECF No. 19. Both parties rely on treatment notes by Dr. Strek, Plaintiff's treating psychiatrist, to support their arguments.

To reject an uncontracted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons that are supported by substantial evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014). If the doctor's opinion is contradicted by

another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

As an initial matter, the ALJ agreed with Dr. Alvord's opinion that Plaintiff had significant mental limitations, but did not accept Dr. Alvord's conclusions about the extent of Plaintiff's mental limitations. Consistent with Dr. Alvord's opinion, the ALJ found that Plaintiff could only work with simple, routine, and repetitive tasks. Tr. 16, 380. However, Dr. Alford went further in his opinion finding that Plaintiff would have "difficulty maintaining regular attendance in the workplace" and "difficulty completing a normal workday/workweek without interruptions from psychiatric symptoms." Tr. 381.

Plaintiff argues that Dr. Strek, Plaintiff's treating psychiatrist, has observed signs of mental illness consistent with Dr. Alvord's findings. When Rhodes first saw Dr. Strek in 2011, Dr. Strek noted that she was angry and depressed. Tr. 238. He has observed that her affect was labile or constricted. Tr. 245-46, 247. Dr. Strek continued to describe Plaintiff as appearing anxious. Tr. 244-245, 249, 251. Rhodes self-reported on occassions as having short-term memory problems. Tr. 244. In September 2013, Dr. Strek described Rhodes as appearing dysthymic, with decreased range of affect, and impaired attention span and concentration. Tr. 236.

Where the ALJ disagreed with Dr. Alvord's finding is with the effectiveness of Plaintiff's treatment. Tr. 21. The ALJ wrote that "the level of debilitating symptoms endorsed by Dr. Alvord are not consistent with treating psychiatrist Dr. Strek's records which show that generally the combination of the claimant's mental and chronic pain symptoms are controlled or stable on a combination of prescribed medications." Tr. 21. Plaintiff reported to Dr. Strek that her medications were keeping her mentally stable. Tr. 242, *see also*, Tr. 243, 247, 345, 354.

5 – OPINION AND ORDER

Although Plaintiff was depressed, her cognition was "intact" and her judgment was "good." Tr. 239, *see also* Tr. 244-248, 250-253, 255, 341, 347. The ALJ noted that cognitive problems did not become a significant concern until 2013, when Plaintiff said she was going to seek an evaluation and apply for disability benefits. Tr. 20, 259. The ALJ relied on the opinions of state agency reviewing psychologists, Drs. Lewy and Hennings, who reviewed the record in October of 2013 and February 2014, respectively. Tr. 67, 80. Their reviews occurred before Dr. Alvord examined the plaintiff in 2015. Dr. Hennings discussed in his report that while Plaintiff had a stroke in 1999, Tr. 390, the treatment records did not discuss cognitive issues as an ongoing area of concern. Tr. 80.

Because Dr. Alford's conclusions about the extent of Plaintiff's mental limitations are contradicted by Dr. Strek's treatment records which show generally that Plaintiff's mental and chronic pain symptoms are controlled by prescribed medications, the ALJ needs to provide only specific and legitimate reasons that are supported by substantial evidence for discounting Dr. Alvord's opinions. *Garrison*, 759 F.3d at 1012. Here, the ALJ has provided specific and legitimate reasons.

## II. Weighing of Plaintiff's testimony

Plaintiff argues the ALJ erred in failing to give clear and convincing reasons for rejecting Plaintiff's testimony. Absent malingering, and given objective medical evidence of a medically determinable impairment that could be reasonably expected to produce pain or other symptoms alleged, an ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007).

Here the ALJ found the "extreme degree of limitation" of Plaintiff's claim was not supported by the medical records. Tr. 18. The ALJ first questioned Plaintiff's claim of severe abdominal pain. Plaintiff went to the emergency room on more than one occasion, but doctors were not able to explain her alleged pain. Tr. 196, 198 (noting it was easy to distract Plaintiff and press on her abdomen without any pain), 209-210, 211, 282. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("Graphic and expansive" pain symptoms could not be explained on objective, physical basis by claimant's treating physician). A lack of objective evidence can be on reason, among others, to question claims of disability. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ then discussed Plaintiff's claims of fibromyalgia pain. Tr. 18. While Plaintiff made claims of extreme pain and difficulty walking, treatment records showed Plaintiff generally walked normally and had good range of motion. Tr. 261, 265, 270, 274, 286, 291, 363. The ALJ found that Plaintiff did not display the types of difficulties to her doctors that she claimed to have. *See Blair-Bain v. Astrue*, 356 F. App'x 85, 87 (9th Cir. 2009) (unpublished) (noting that "the lack of objective medical evidence" supporting claims of debilitating fibromyalgia pain undermined the claimant's credibility).

The doctor found Plaintiff's memory to be "slow but intact," Tr. 261, and adequate, Tr. 263. Records shows that treatment helped relieve Plaintiff's symptoms. The medication Subutex helped relieve Plaintiff's fibromyalgia pain. Tr. 18, 259, 263, 282, 344. Her pain also improved with facet joint injections. Tr. 252, 276.

There were also several records pointing to issues of drug seeking behavior and inconsistent statements around drug use. Tr. 19. Plaintiff repeatedly sought narcotics at the emergency room, but did not follow doctor's directions to seek further care from her primary

7 – OPINION AND ORDER

care physician. *See* Tr. 196, 211. Drug tests showed that Plaintiff was not taking all of her prescribed medications, and she claimed that her narcotics were stolen on more than one occasion Tr. 263-64. Drug-seeking behavior can be a valid reason to question a claimant's testimony. *E.g. Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

Here the ALJ provided specific, clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her symptoms.

## **CONCLUSION**

Having correctly credited Dr. Alvord's opinion and Plaintiff's testimony, the ALJ accounted for all the claimant's impairments in formulating her residual functional capacity. The ALJ's reliance on vocational expert's testimony given in response to the hypothetical was therefore proper.

Because substantial evidence exists within the record as a whole to support the Commissioner's decision and the decision is based on proper legal standards, this Court AFFIRMS the Commissioner's Decision.

IT IS SO ORDERED.

DATED this 23rd day of March, 2018.

                 /s/Michael J. McShane
                 Michael J. McShane
                 United States District Judge